**Charan Pal SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71811.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Charan Pal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision for substantial evidence, *Njuguna*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*v. Ashcroft,* 374 F.3d 765, 769 (9th Cir. 2004), and grant the petition.

 The BIA assumed Singh was credible but found that he failed to show any event rising to the level of persecution. That finding, however, is not supported by substantial evidence. Singh's beating in 1984 and his detention and beatings in 1985 were sufficiently severe to constitute persecution. *See Ladha v. INS,* 215 F.3d 889, 902 (9th Cir.2000) (holding that violence by non-governmental agents can qualify as persecution when the government is unwilling or unable to control it); *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000) (finding persecution where applicant was assaulted, held captive for a week, and beaten until unconscious). Nothing in the record suggests that Singh had violated any law. "If there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person ... there arises a presumption that the motive for harassment is political." *Navas v. INS,* 217 F.3d 646, 660 (9th Cir.2000) (internal quotation marks omitted) (omission in original). The explicit statements by the police that they were beating Singh because he was a Sikh suffice to show a nexus to a protected ground. *See Gonzalez–Neyra v. INS,* 122 F.3d 1293, 1295 (9th Cir.1997). Finally, Singh's brief return trips to India to see his sick father are insufficient to rebut the presumption of a well-founded fear that arises once an applicant has shown past persecution. *See Popova v. INS,* 273 F.3d 1251, 1259 (9th Cir.2001).

Because the BIA erred in finding that the events Singh described did not rise to the level of persecution, we grant the petition and remand for the BIA to determine, consistently with this decision, whether

Singh is eligible for asylum. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**